UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00078-FDW

| | |
|---|---|
| GEGE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PARRY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding in forma pauperis. [Doc. 2, 9].

## I. BACKGROUND

Pro se Plaintiff George W. Jones ("Plaintiff"), who is a North Carolina prisoner currently incarcerated at Mountain View Correctional Institution located in Spruce Pine, North Carolina, filed this action on June 12, 2019, pursuant to 42 U.S.C. § 1983. Plaintiff names FNU Parry, identified as a correctional officer at Alexander Correctional Institution ("Alexander"), as the sole Defendant in this matter. [Doc. 1 at 1]. Plaintiff purports to state two causes of action in his Complaint, which he calls: (1) "Excessive use of force, Cruel and Unusual Punishment 8th Amendment Assault and Battery;" and (2) "Cruel and Unusual Punishment 8th Amendment intentional infliction of emotional distress." [Doc. 1 at 3].

In support of his first claim, Plaintiff alleges that:

> On 12-10-2018 at 5:00 pm without provocation while recovering from Prostate brachytherapy[1] with limited wellness returned, I requested to watch T.V. After his continued harassment here then

---
[1] Prostate brachytherapy is a form of radiation therapy used to treat prostate cancer.

> broke my left tibula of my leg. And Body shamed me twice. He
> broke my leg by placing his right knee on the back of my [illegible]
> and pull up on my foot.

[Id. at 3 (grammatical errors in original)].

In support of his second claim, Plaintiff alleges:

> Intentional infliction of emotional distress with injury requirement
> met by constant taunts, assaultive language, harsh treatment while
> recovering form Prostate brachytherapy disrupting my care and
> wellness, ending in battery did break my left tibula of my left leg.

[Id. (grammatical errors in original)].

For his injuries, Plaintiff states he suffered a broken leg, that he was demoted and lost his honor grade "[d]ue to misconduct," and mental and emotional injury. [Doc. 1 at 3].

For relief, Plaintiff seeks that Defendant Parry be required to attend sensitivity training, that criminal charges be brought against Defendant Parry, restoration of Plaintiff to "honor grade" with Plaintiff's choice of facility, and compensatory and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

2

However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.     DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

When assessing an Eighth Amendment excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.

3

> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 37-38 (citations omitted).

Here, Plaintiff calls his claim "Excessive use of force, Cruel and Unusual Punishment 8th Amendment Assault and Battery," which, for purposes of initial review, the Court will construe as an Eighth Amendment claim based on the use of excessive force. Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has stated a claim against Defendant Parry for the use of excessive form in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Next, as to Plaintiff's second cause of action, which he calls "Cruel and Unusual Punishment 8th Amendment intentional infliction of emotional distress," the Court construes this as an Eighth Amendment claim based on the right to be free from cruel and unusual punishment. Plaintiff's claim is based on allegations that Defendant Parry subjected Plaintiff to "constant taunts, assaultive language, and harsh treatment." [Doc. 1 at 3].

The law is well-established that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, is not actionable under § 1983. Wilson v. United States, --- F.R.D. ---, 2019 WL 391535, at *6 (S.D. W.Va. Aug. 19, 2019) (collecting cases). As such, Plaintiff has failed to state a separate Eighth Amendment claim under § 1983 based on Defendant Parry's alleged verbal harassment. This claim, therefore, will be dismissed.

To the extent Plaintiff intended to state a claim under North Carolina law for intentional infliction of emotional distress, Plaintiff has also failed to do so. The elements of the tort of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant, (2) which is intended to cause and does cause (3) severe and emotional distress to

another. Turner v. Thomas, 369 N.C. 419, 427, 794 S.E.2d 439, 446 (2016) (citation omitted). The severe emotional distress required for intentional infliction of emotional distress is "any emotional or mental disorder, such as for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe or disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Piro v. McKeever, 245 N.C. App. 412 416, 782 S.E.2d 367, 371 (2016) (citations omitted).

Because it is dispositive, the Court turns to this third element. Plaintiff alleges only that he suffered "mental and emotional injury." [Doc. 1 at 3]. Plaintiff, therefore, has not alleged a "severe or disabling emotional or mental condition" as required under North Carolina law. As such, Plaintiff's second claim, to the extent he intended to state a claim for intentional infliction of emotional distress, also fails.

## IV. CONCLUSION

In sum, the Complaint survives initial review as against Defendant FNU Parry under 28 U.S.C. §§ 1915(e) and 1915A as to Plaintiff's Eighth Amendment claim based on excessive force. The Plaintiff's claim under the Eighth Amendment based on harassment and/or Plaintiff's claim for intentional infliction of emotional distress is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] survives initial review under 28 U.S.C. §§ 1915(e) and 1915A as to Plaintiff's Eighth Amendment claim based on excessive force. The Plaintiff's second claim is dismissed in accordance with this Order.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the NCDPS in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for

5

waiver of service as set forth in Local Rule 4.3 for Defendant FNU Parry, who is alleged to be a current or former employee of NCDPS.

Signed: December 18, 2019

Frank D. Whitney
Chief United States District Judge