# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00078-FDW

| | |
|---|---|
| GEORGE JONES, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FNU PARRY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on its own motion.

On February 17, 2020, the North Carolina Department of Public Safety (NCDPS) filed a notice under seal indicating it was unable to procure a waiver of service for Defendant FNU Parry for the reasons stated in that notice. [Doc. 19]. The sealed notice provides the last known address for Defendant Parry. [Id.]. The sealed notice also provides that Defendant FNU Parry's true full name is Brian D. Parry. [Id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office,

remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that a request for waiver of service was submitted to the NCDPS, no waiver from Defendant Parry was obtained. As such, it does not appear that this Defendant actually ever received service of process. With the additional information supplied for service on Defendant Parry, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on this Defendant in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 19 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendant Parry.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 19 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Parry in accordance with Rule 4.

(3) The Clerk is instructed to update the docket in this matter to reflect the true full name of Defendant Brian D. Parry.

Signed: February 18, 2020

Frank D. Whitney
Chief United States District Judge